IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD RAUGUST,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANDERS and<br>WAYNE ABBEY,<br><br>Defendants. | CV 20-9-H-CCL<br><br><br>ORDER |

Defendants Sanders County and Wayne Abbey move to dismiss Plaintiff Richard Raugust's amended complaint against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion, which is now fully briefed and ready for ruling.

**LEGAL STANDARD**

When determining a motion to dismiss under Rule 12(b)(6), this Court accepts all factual allegations and reasonable inferences as true and construes them in the light most favorable to the nonmoving party, but does not consider conclusory allegations of law and unwarranted inferences. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.2004) (citing *Sprewell v. Golden State Warriors*, 266

F.3d 979, 988 (9th Cir.2001)). To survive a 12(b)(6) motion to dismiss, a plaintiff must allege sufficient facts to state a "claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**PROCEDURAL BACKGROUND**

Plaintiff filed his initial complaint against the State of Montana, Sanders County, and a number of Sanders County employees, including Defendant Wayne Abbey, on December 24, 2019. (Doc. 3). On June 29, 2020, the Court granted the State of Montana's motion to dismiss. (Doc. 26). On July 8, 2020, the Court entered its order dismissing Plaintiff's state law claims as to the county and the county defendants. (Doc. 27). The Court also dismissed Plaintiff's federal law claim against Sanders County and two other county employees, with leave to amend. (Doc. 27 at 18). The Court found that Plaintiff's initial complaint alleged sufficient facts to state a plausible claim against Defendant Wayne Abbey under 18 U.S.C. § 1983 and denied Defendant Abbey's motion to dismiss as to that claim. (*See* Doc. 27 at 17).

Plaintiff timely filed his first amended complaint on July 22, 2020, naming only Sanders County and Wayne Abbey as defendants. (Doc. 28). Defendants Sanders County and Wayne Abbey timely filed their motion to dismiss on August 5, 2020. (Doc. 29).

## DISCUSSION

The Court has already determined that Plaintiff's initial complaint alleged sufficient facts to state a plausible claim against Defendant Wayne Abbey under 18 U.S.C. § 1983. It need not revisit that issue at this stage in the proceedings, though Defendant Abbey is free to move for either judgment on the pleadings or summary judgment on this claim once he has filed his answer.

The Court explained in its order dismissing Plaintiff's claim against Sanders County that he could only state a claim against Sanders County by alleging sufficient facts to plausibly demonstrate that Sanders County had a policy, practice, or custom that was "a moving force behind" the alleged violation of Raugust's constitutional rights. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) and that he could meet his burden by amending his complaint to allege facts sufficient to show (1) the existence of a policy or custom, (2) that his rights were violated by a final policy-making authority, or (3) that the final policy-making authority ratified the decision made by the individual who committed the constitutional violation. *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). (*See* Doc. 27 at 15).

The undersigned has carefully compared the allegations of the amended complaint with the allegations of Plaintiff's initial complaint to determine whether

Plaintiff cured the defects noted by the Court in its previous order. Plaintiff has added or revised a number of paragraphs in an attempt to bolster his claim against Sanders County. (*See* Doc. 28 at ¶¶ 23, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 46, 47 and 48). To the extent those paragraphs are directed at Sanders County, they consist of legal conclusions or speculative allegations. They do not qualify as either well-pleaded factual allegations or reasonable inferences.

To hold Sanders County liable for a custom or practice rather than a formal written policy, Plaintiff must allege facts demonstrating that the custom or practice is "of sufficient duration, frequence and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). A government entity's liability for violation of an individual's civil rights "may not be predicated on isolated or sporadic incidents." *Id.* When stripped of legal conclusions and conclusory inferences that are not plausibly supported by well-pleaded factual allegations, Plaintiff's § 1983 claim against Sanders County is based entirely on the actions of Deputy Abbey in connection with his investigation and alleged failure to disclose exculpatory information in connection with the crime that led to Plaintiff's conviction. Allegations concerning Deputy Abbey's violation of Plaintiff's civil rights in a single investigation is not sufficient to state a plausible claim against his employer.

Plaintiff alleges that Sanders County failed to properly train Deputy Abbey and that its failure amounts to a policy of deliberate indifference. (*See* Doc. 33, Pl's Resp. Br., at 14[1]). "A [county's] culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Liability can only be imposed for a local government's failure to adequately train its employees "when the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the local policymakers of [the local government entity] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). The United States Supreme Court set this high standard to avoid diluting the requirement that a local government can be held liable only for an action or inaction that amounts to an official policy. *Clouthier v. County of Contra Costs*, 591 F.3d 1232, 1250 (9th Cir. 2010)(*overruled on another issue by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)). Plaintiff's conclusory allegations regarding failure to train are not sufficient to meet this high standard.

///

---

[1] The Court uses the page number assigned by CM/ECF rather than that assigned by Plaintiff in the response brief.

The amended complaint also fails to establish that Deputy Abbey's conduct was ratified by the final policy-making authority for Sanders County. Rather than alleging specific facts to demonstrate that the individual responsible for training Deputy Abbey and overseeing his investigation was aware that Deputy Abbey had violated Plaintiff's constitutional right to disclosure of exculpatory information, Plaintiff alleges that Deputy Abbey failed to disclose the relevant observations that led to the eventual dismissal of Plaintiff's conviction prior to his trial conviction. (See Doc. 28 at ¶ 14). The final policy-making authority for the county could not have ratified Deputy Abbey's failure to disclose the exculpatory information when he was not aware of that information.

## CONCLUSION

As explained above, the Court is not persuaded to revisit the decision to deny Defendant Abbey's motion to dismiss Plaintiff's § 1983 claim against him in his individual capacity and will therefore deny Defendant Abbey's renewed motion to dismiss. While the amended complaint may state a plausible claim against Sanders County for negligence in its training and supervision of Deputy Abbey, negligence is not the standard for a claim under § 1983 and the Court has dismissed Plaintiff's state law claims against Sanders County because they are barred by the statute of limitations. Accordingly,

**IT IS HEREBY ORDERED** that the pending motion to dismiss (Doc. 29) is granted in part and denied in part as follows:  Defendant Abbey's motion to dismiss the amended complaint is **DENIED** and Sanders County's motion to dismiss the amended complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Wayne Abbey shall file an answer to the amended complaint within fourteen days of entry of this order.

DATED this 29th day of December, 2020.

*/s/ Charles C. Lovell*
Charles C. Lovell
Senior United States District Judge