IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD RAUGUST,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WAYNE ABBEY and SANDERS COUNTY,<br><br>　　　　　Defendants. | CV 20–09–H–DWM<br><br><br>ORDER |

　　　　Defendants move for the *pro hac vice* admission of two attorneys from the firm of Sotos Law Firm, P.C. (*See* Docs. 137, 138.) There are already four local counsel on the case from Garlington, Lohn & Robinson, PLLP. It is the practice of this Court to limit the number of counsel in order to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *cf. In re United States*, 791 F.3d 945, 957 (9th Cir. 2015) ("[A] court's decision to deny pro hac vice admission must be based on criteria reasonably related to promoting the orderly administration of justice or some other legitimate policy of the courts.") (internal citation omitted). A surfeit of counsel impedes this mandate by, *inter alia*, confusing points of contact for the opposing party. *Cf. United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir. 1996) ("[C]ounsel from other jurisdictions

1

may be significantly more difficult to reach . . . than local counsel."). Nothing in this limitation prevents counsel from using his or her firm resources and internal assignments to assure adequate representation for the client. Accordingly, unless Defendants can show cause why additional counsel is necessary, Defendants are limited to the formal appearance of four attorneys of their choosing; for example, that can include two local counsel and two *pro hac* counsel, two local counsel and two *pro hac* counsel, or all four local counsel. See L.R. 83.1(d)(2) (requiring local counsel). Plaintiff will be similarly limited.

Accordingly, IT IS ORDERED that Defendants' motions to admit James Gus Sotos and Jeffrey R. Kivetz *pro hac vice* (Docs. 137, 138) are GRANTED on the following conditions:

(1)   Defendants must identify on or before July 22, 2022, their four attorneys of choice. All other attorneys will be terminated from the case. In that notice, counsel shall also designate a single attorney with the authority to make any and all decisions related to the administration of this case as the primary point of contact for the opposing party.

(2)   If the selected attorneys include *pro hac* counsel, *pro hac* counsel must comply with these additional requirements: *pro hac* counsel shall do his or her own work. This means that *pro hac* counsel must do his or her own writing; sign his or her own pleadings, motions, and briefs; and appear and participate

2

personally. Counsel shall take steps to register in the Court's electronic filing system ("CM-ECF"). Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. *Pro hac* counsel, within fifteen (15) days of the date of this Order, must file a notice acknowledging counsel's admission under the terms set forth above.[1]

DATED this __21st__ day of July, 2022.

_____  13:50PM
Donald W. Molloy, District Judge
United States District Court

---

[1] If *pro hac* counsel intends to attend the July 25, 2022 settlement conference, this notice must be filed prior to that appearance.

3